IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**THELMA WILLIAMS, Jr.**                                                                **PETITIONER**

v.                                         No. 4:23-cv-01127-JM-JTK

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                                           **RESPONDENT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

\*

Thelma Williams, Jr., seeks *habeas* relief from his conviction and sentence entered by the Faulkner County Circuit Court. Following a bench trial with Williams appearing *pro se*, the trial court found Williams guilty of theft of property and sentenced him to seven years' imprisonment plus five years' suspended imposition of sentence (SIS). The Arkansas Court of Appeals affirmed. *Williams v. State,* 2023 Ark. App. 30, 660 S.W.3d 582. Williams timely filed his *pro se* habeas petition. *Doc. 1.* After Williams submitted twenty-three papers filed as notices, *Docs. 3, 4, and 5,* the undersigned determined the papers did not appear to have any relation to the only discernable *habeas* claim and directed the Clerk to refrain from docketing any further papers submitted by Williams in this case until directed otherwise. *Doc. 9.* Williams has also filed a paper construed

as an amendment raising an additional claim. *Doc. 12*. The undersigned recommends that the petition be dismissed.

*

In stating his ground for *habeas* relief, Williams summarily states "Violation Speedy Trial (and) Bench Warrant 2.25.2020, (and) The March 20, 2020, speedy Trial tolled time (and) Double jeopardy on evidences." *Doc. 2 at 6*. Williams repeats the line verbatim when stating a second, third, and fourth ground for relief. *Docs. 2 at 13, 15, 16*.

The undersigned recommends that the petition be dismissed due to inadequate pleading. The speedy trial claim should alternatively be dismissed based on any one of three grounds: failure to state a violation of federal law, procedural default, or, alternatively, lack of merit. The double jeopardy claim should alternatively be dismissed as meritless under deference review. In the amendment, Williams seems to argue that he is being "kidnapped" by Payne because he was sentenced to two years' instead of seven years' imprisonment. *Doc. 12*. The undersigned recommends that the claim first raised in the amendment be dismissed as untimely. Alternatively, the undersigned concludes the claim should be dismissed based on either procedural default or, alternatively, lack of merit.

*

The undersigned recommends dismissal of the speedy trial and double jeopardy claims raised in the original petition for failure to state facts supporting the grounds for relief. Rule 2(c) of the Rules Governing § 2254 Cases. Williams has not pled specific, particularized facts sufficient "to enable the court to determine, from the face of the petition alone, whether the petitioner merits further habeas corpus review." *Adams v. Armontrout,* 897 F.2d 332, 334 (8th

Cir. 1990). None of his filings, *Docs. 3, 4, 5,* state in adequate detail how his custody violates the laws or the Constitution of the United States.

\*

**Speedy Trial Violation.** The undersigned alternatively recommends that the speedy trial claim be dismissed for failure to state a violation of federal law. Williams argued in state court that his trial was delayed in violation of Rule 28.1 of the Arkansas Rules of Criminal Procedural. *Doc. 14-1.* The Arkansas Court of Appeals recognized that, under Arkansas Rule of Criminal Procedure 28, Williams's right to speedy trial was not violated because he was arrested on March 12, 2021, and tried within twelve months on January 13, 2022. *Williams,* 2023 Ark. App. 30, \*2–3, 660 S.W.3d at 584. The Court rejected Williams's argument that a speedy trial violation occurred because of the delay between the issuance of the arrest warrant and his arrest. *Id.* at \*3, 660 S.W.3d at 584. To the extent Williams is repeating his state-law speedy trial claim raised in state court, federal *habeas* relief is not available. *Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991).

If Williams is raising a constitutional violation based on trial delay, the claim should also be denied. Before seeking *habeas* review, Williams must have exhausted available state remedies by fairly presenting each of his claims in state court. *Coleman v. Thompson,* 501 U.S. 722, 731 (1991); *O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999). Because Williams did not argue in state court that his trial was delayed in violation of federal law, the undersigned alternatively concludes any federal speedy trial claim should be denied as procedurally defaulted. *Morris v. Norris,* 83 F.3d 268, 270 (8th Cir. 1996). Williams has not raised any excuse for procedural default. *Coleman*, 501 U.S. at 750.

The undersigned also concludes that the claim is meritless. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and

3

public trial, by an impartial jury . . . ." In reviewing whether trial delay resulted in a Sixth Amendment violation, courts must consider the length of the delay, the reasons for the delay, whether the defendant asserted the right to speedy trial, and whether the defendant suffered any prejudice. *Barker v. Wingo,* 407 U.S. 514, 530 (1972). There was no trial delay because less than one year passed between service of the arrest warrant and trial. *See, e.g., United States v. Cooley,* 63 F.4th 1173, 1178 (8th Cir. 2023) (29 months from indictment to trial "is a lengthy but not extraordinary delay"). Williams, moreover, has not established that any trial delay resulted in unfairness or material prejudice. The undersigned therefore finds that Williams has not demonstrated a constitutional violation warranting *habeas* relief.

*

**Double Jeopardy Violation.** The undersigned alternatively recommends dismissal of the double jeopardy claim under deference review. 28 U.S.C. § 2254(d). The Arkansas Court of Appeals rejected the claim:

> Williams also raises a double-jeopardy argument that was denied at trial. He argues that a surveillance-camera photograph of him included in the discovery file is evidence of a double-jeopardy violation because he already served time for the offense depicted in the photograph. The affidavit for warrant of arrest reveals that the photograph at issue was from a prior shoplifting incident at a Target store and was used to identify Williams as the suspect in the theft from a different Target store in the case at bar. The Double Jeopardy Clause protects criminal defendants from (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Simon v. State*, 2017 Ark. App. 209, 518 S.W.3d 696. A photograph from a prior offense used to identify the defendant is not evidence of a double-jeopardy violation.

*Williams,* 2023 Ark. App. 30, *3, 660 S.W.3d at 584–85.

The Arkansas Court of Appeals' decision was not contrary to, or an unreasonable application of, clearly established federal law; nor was it an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The Fifth Amendment's Double Jeopardy Clause guards against

4

successive prosecution and cumulative punishment. *Dodge v. Robinson,* 625 F.3d 1014, 1017 (8th Cir. 2010). Williams has not developed any argument that the protection extends to the State's use of his photograph for the purpose of identification. The undersigned concludes that, because Williams has not demonstrated a constitutional violation, the claims fails.

\*

**Unlawfully Detained.** In the amendment, Williams argues that he is being unlawfully detained apparently based on his mistaken belief that the trial court imposed a two-year sentence—based on suspending five years of the seven-year sentence—in January 2022. The undersigned concludes that the claim is time barred. On February 1, 2023, the Arkansas Court of Appeals affirmed the judgment entered against Williams on February 1, 2023. *Williams v. State,* 2023 Ark. App. 30, 660 S.W.3d 582, rehearing denied (Feb. 22, 2023). Under state court rules, Williams had ten days after the denial of a rehearing to file a petition for review with the Arkansas Supreme Court. Ark. R. Sup. Ct. 2-4(a). Because Williams did not petition the Arkansas Supreme Court for review, the judgment became final when the ten-day period expired on Monday, March 6, 2023. *Gonzalez v. Thaler,* 565 U.S. 134, 137 (2012). The one-year *habeas* limitations period therefore began running on March 7, 2023. 28 U.S.C. § 2244(d)(1)(A). *See* Fed. R. Civ. P. 6(a)(1)(A) (excluding from the time computation the day of the event that triggers the time period). The limitations period expired on March 7, 2024, absent any statutory tolling periods. The limitations period is tolled when a properly filed application for "State post-conviction or other collateral review" of the judgment is pending. 28 U.S.C. § 2244(d)(2). Because Williams did not seek collateral review, statutory tolling is not available. The limitations period for filing a *habeas* petition therefore ended on March 7, 2024.

Williams timely filed his *habeas* petition on November 24, 2023. *Doc. 2*. He filed the amendment outside the limitations period on April 22, 2024. *Doc. 12*. Amended pleadings relate back to the date of the original pleading when the claim in the amended pleading "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(A) (made applicable to *habeas* proceedings by 28 U.S.C. § 2242). "So long as the original and amended petition state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle v. Felix,* 545 U.S. 644, 664 (2005). Williams's claim raised in the amendment, however, does not "arise[] out of the same set of facts as the original claims." *Dodd v. United States,* 614 F.3d 512, 515 (8th Cir. 2010) (citation and internal quotations omitted). The facts in the original petition are not "specific enough to put the opposing party on notice of the factual basis of the new claim[s]." *Id.* The undersigned therefore concludes that the new claim does not relate back to the original petition. Williams has not argued that he is entitled to equitable tolling or that the time bar can be overcome based on actual innocence. The claims raised in the amendment therefore should be dismissed as untimely.

Alternatively, the claim is procedurally defaulted. Williams seems to argue that he is being unlawfully detained because he was sentenced to two years' instead of seven years' imprisonment. *Doc. 12*. Because Williams did not present the federal claim in state court and there is no non-futile remedy available, the claim is procedurally defaulted. *O'Sullivan*, 526 U.S. at 847–48. Williams has not raised any excuse for procedural default. *Coleman*, 501 U.S. at 750. The undersigned therefore alternatively recommends that the claim be denied based on procedural default.

The undersigned also finds that, in any event, the claim is meritless. In January 2022, Williams was sentenced to serve seven years' imprisonment to be followed by an additional five-

year SIS.  The trial court recognized that Williams had 281 days of jail time credit.  The five-year SIS does not reduce Williams's term of imprisonment and instead is an additional potential sentence that will not be triggered until Williams's release from incarceration.

IT IS THEREFORE RECOMMENDED THAT:  (1) Williams's petition and amendment be DISMISSED with prejudice, *Docs. 2 & 12*; and (2) a certificate of appealability be DENIED.

DATED THIS 22nd day of April, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE